FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 1 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X    Docket#
UNITED STATES OF AMERICA      :    04-CR-1018 (DGT)
                              :
       - versus -            :    U.S. Courthouse
                              :    Brooklyn, New York
ANTHONY MANISCALCO,          :
              Defendant      :    June 13, 2005
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**

**For the Government:**        **Roslynn R. Mauskopf, Esq.**
                               United States Attorney

                      BY:  **Amy Busa, Esq.**
                               Assistant U.S. Attorney
                               225 Cadman Plaza East
                               Brooklyn, New York   11201

**For the Defendant:**         **Joel Winograd, Esq.**

**Official Transcriber:**      **Rosalie Lombardi**
                                       C.N.

**Transcription Service:**     **Transcription Plus II**
                               823 Whittier Avenue
                               New Hyde Park, N.Y.   11040
                               (516) 358-7352

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

33

2

**Proceedings**

1      THE CLERK:  Criminal Cause for a Guilty Plea,

2  04-CR-1018, <u>United States v. Anthony Maniscalco</u>.

3      Counsel, please state your appearances.

4      MS. BUSA:  Amy Busa for the United States.

5      MR. GURIN:  William Gurin.

6      Good afternoon, your Honor.

7      THE COURT:  Good afternoon.

8      THE COURT:  For the defendant, Joel Winograd

9  and Matthew Enlick (phonetic).

10      Good afternoon, your Honor.

11      THE COURT:  Good afternoon.

12      THE COURT:  Mr. Maniscalco, I have before me an

13  order of referral from Judge Trager, the district court

14  judge assigned to this case.

15      This order refers the guilty plea proceeding to

16  me to hear.  There's a consent portion at the bottom.

17      Is that your signature on it?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Have you read this document and

20  discussed it with your attorney?

21      THE DEFENDANT:  Yes, ma'am.

22      THE COURT:  Do you understand what you've

23  agreed to by signing this document?

24      THE DEFENDANT:  Yes, ma'am.

25      THE COURT:  I want to make sure that you do

3

**Proceedings**

1   understand.

2           This is Judge Trager's case.   He is a United

3   States district court judge and he is the judge who will

4   sentence you and make the ultimate decision as to whether

5   to accept your guilty plea.   If you wish, you have the

6   absolute right to have Judge Trager listen to your plea

7   and if you choose to do that there will be no prejudice

8   to you.

9           Do you understand that?

10          THE DEFENDANT:   Yes.

11          THE COURT:   On the other hand if you wish, I

12  will listen to your plea.   I'm a United States magistrate

13  judge.

14          This proceeding is being tape recorded.   For

15  that reason I'm going to ask you to keep your voice up so

16  I can make sure that all your responses are in fact

17  recorded.

18          A transcript will be made of the proceeding and

19  Judge Trager will review it to decide whether to accept

20  your plea.   He'll also review it in connection with your

21  sentence.

22          Do you understand that?

23          THE DEFENDANT:   Yes.

24          THE COURT:   Do you wish to give up your right

25  to have Judge Trager listen to your plea and proceed

4

### Proceedings

1   instead before me at this time?

2           THE DEFENDANT:  No.

3           THE COURT:  You don't want to proceed before

4   me?

5           THE DEFENDANT:  Oh, yes, I do want to proceed.

6           Sorry.

7           THE COURT:  Let me repeat the question and

8   break it down.

9           Do you wish to give up your right to have Judge

10  Trager listen to your plea?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Are you prepared to proceed before

13  me instead of Judge Trager?

14          THE DEFENDANT:  Yes, yes.

15          THE COURT:  Do you make this decision

16  voluntarily and of your own free will?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Have any threats or promises been

19  made to you to induce you to agree to have me hear your

20  plea?

21          THE DEFENDANT:  No.

22          THE COURT:  I find that the defendant's consent

23  is knowing, intelligent and voluntarily.

24          Before accepting your guilty plea there are a

25  number of questions that I have to ask you to make sure

Transcription Plus II          Rosalie Lombardi

5

## Proceedings

1  that it's a valid plea.  If you don't understand any of

2  my questions, please, say so and I'll reword the

3  question.

4  **A N T H O N Y   M A N I S C A L C O,**

5      **called as a witness, having been first duly sworn,**

6      **was examined and testified as follows:**

7          THE CLERK:  Please state your full name for the

8  record.

9          THE DEFENDANT:  Anthony Maniscalco.

10         THE CLERK:  Please spell your last name for the

11 record.

12         THE DEFENDANT:  M-A-N-I-S-C-A-L-C-O.

13         THE COURT:  Mr. Maniscalco, you should

14 understand that having been sworn your answers to my

15 questions will be subject to the penalties of perjury if

16 you do not answer truthfully.

17         Do you understand that?

18         THE DEFENDANT:  Yes.

19         THE COURT:  How old are you?

20         THE DEFENDANT:  Thirty-five.

21         THE COURT:  How far did you go in school?

22         THE DEFENDANT:  High school.

23         THE COURT:  You're a high school graduate?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Are you now or have you recently

6

## Proceedings

1  been under the care of a doctor or psychiatrist?

2          THE DEFENDANT:  No.

3          THE COURT:  In the past 24 hours have you taken

4  any drugs, narcotics, medicine or pills or drunk any

5  alcoholic beverages?

6          THE DEFENDANT:  No.

7          THE COURT:  Have you ever been hospitalized or

8  treated for narcotic addiction or for any mental or

9  emotional problem?

10          THE DEFENDANT:  No.

11          THE COURT:  Is your mind clear now?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand what's going on

14  here now?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Mr. Winograd, have you discussed

17  the matter of pleading guilty with your client?

18          MR. WINOGRAD:  I have, your Honor.

19          THE COURT:  In your view does he understand the

20  rights he'll be waiving by pleading guilty?

21          MR. WINOGRAD:  I believe he does.

22          THE COURT:  Is he capable of understanding the

23  nature of these proceedings?

24          MR. WINOGRAD:  I believe he is.

25          THE COURT:  Do you have any doubt as to his

7

### Proceedings

1  competence to plead at this time?

2          MR. WINOGRAD:  None whatsoever.

3          THE COURT:  Have you advised him of the maximum

4  sentence and fine that can be imposed?

5          MR. WINOGRAD:  I did, your Honor.

6          THE COURT:  Have you discussed with him the

7  effect of the sentencing guidelines as well as the

8  Supreme Court's decisions in <u>Booker</u> and <u>PhanPhan</u>

9  (phonetic).

10          MR. WINOGRAD:  Your Honor, we went over it

11  approximately one week ago at the Metropolitan Detention

12  Center in Brooklyn, New York and I discussed with him

13  exactly those things that you just mentioned.

14          THE COURT:  Mr. Maniscalco, have you discussed

15  your case with your attorney and are you satisfied to

16  have him represent you?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Have you seen a copy of the

19  indictment that's been filed against you?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Have you consulted with your

22  attorney about the indictment?

23          THE DEFENDANT:  Yes.

24          THE COURT:  The indictment contains a series of

25  counts or charges.

8

## Proceedings

1         I understand that you're prepared to plead

2  guilty to Count Two of the indictment which charges an

3  arson conspiracy, specifically, Count Two alleges that

4  between approximately December 20 and December 22, 2001

5  you and your co-defendant and others knowingly,

6  intentionally and maliciously conspired or agreed to

7  damage and destroy by means of fire and an explosive a

8  building and other real and personal property used in an

9  activity that effected interstate commerce, specifically,

10  the store known as My Deli & Grocery located at 200 Rhine

11  Avenue, Staten Island, New York.

12         In order to prove you guilty of that offense

13  the government would have to prove the following beyond a

14  reasonable doubt:  First, that at some time during that

15  approximate time period you did in fact enter into a

16  conspiracy or understanding or agreement with others;

17  second, the government would have to prove that the

18  object or purpose of that conspiracy was to commit arson

19  effecting interstate commerce.  In order to establish

20  arson effecting interstate commerce, the government would

21  have to prove that it was the purpose of the conspiracy

22  to set fire or use an explosive to damage or destroy

23  certain property.  Additionally, the government would

24  have to prove that the property that was to be damaged or

25  destroyed was used in or in any manner effected

9

### Proceedings

1  interstate or foreign commerce.  The government would

2  also have to show that you acted knowingly and

3  intentionally and not because of some mistake or innocent

4  reason.  The government will also have to show that you

5  acted maliciously which means that you acted either

6  intentionally or with willful disregard of the likelihood

7  that damage would result.

8            Do you understand that charge?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Have you discussed that charge with

11 your attorney?

12           THE DEFENDANT:  Yes.

13           THE COURT:  I now want to talk with you about

14 the rights that you'll be giving up by pleading guilty

15 but the first and most important thing you have to

16 understand is that you have an absolute right to plead

17 not guilty.

18           Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  If you plead not guilty, then under

21 the Constitution and laws of the United States you're

22 entitled to a speedy and public trial by jury with the

23 assistance of counsel on the charges contained in the

24 indictment against you.

25           Do you understand that?

10

## Proceedings

1        THE DEFENDANT:  Yes.

2        THE COURT:  At the trial you would be presumed

3   to be innocent and the government would have to overcome

4   that presumption and prove you guilty by competent

5   evidence and beyond a reasonable doubt.  You would not

6   have to prove that you were innocent and if the

7   government failed to prove you guilty beyond a reasonable

8   doubt, the jury would have the duty to find you not

9   guilty.

10        Do you understand that?

11        THE DEFENDANT:  Yes.

12        THE COURT:  In the course of the trial the

13  witnesses for the government would have to come to Court

14  and testify in your presence and your attorney would have

15  the right to cross-examine the witnesses for the

16  government, to object to evidence offered by the

17  government and to offer evidence on your behalf.

18        Do you understand that?

19        THE DEFENDANT:  Yes.

20        THE COURT:  At a trial, while you would have

21  the right to testify if you chose to do so, you could not

22  be required to testify.  Under the Constitution of the

23  United States you cannot be compelled to incriminate

24  yourself.  If you decided not to testify, the Court would

25  at your lawyer's request instruct the jurors that they

Proceedings

11

1   could not hold that against you.

2        Do you understand that?

3        THE DEFENDANT:  Yes.

4        THE COURT:  If you plead guilty and the Court

5   accepts your plea you'll be giving up your constitutional

6   rights to a trial and the other rights that I've just

7   discussed.  There will be no further trial of any kind

8   and no right of appeal from the judgment of guilty.  The

9   Court will simply enter a judgment of guilty on the basis

10  of your guilty plea.

11       Do you understand that?

12       THE DEFENDANT:  Yes.

13       THE COURT:  If you plead guilty, I'll have to

14  ask you questions about what you did in order to satisfy

15  myself and Judge Trager that you are in fact guilty of

16  the charge to which you seek to plead guilty and you'll

17  have to answer my questions and acknowledge your guilt.

18  In that way, you'll be giving up your right not to

19  incriminate yourself.

20       Do you understand that?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Are you willing to give up your

23  right to a trial and the other rights that I've just

24  discussed?

25       THE DEFENDANT:  Yes.

12

### Proceedings

1  (Court Exhibit No: 1 for identification)

2          THE COURT:  I have before me a plea agreement

3  that has been marked Court Exhibit 1.  Turning to the

4  last page of that document, is that your signature on the

5  defendant's signature line?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Have you read this entire document

8  and discussed it with your attorney?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand all the terms and

11  conditions of this agreement?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Does this document fully and

14  accurately reflect your understanding of the agreement

15  you've reached with the government concerning your guilty

16  plea?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Other than the promises contained

19  in this document, has anyone made any other promises that

20  have caused you to plead guilty?

21          THE DEFENDANT:  No.

22          THE COURT:  Has anyone made any promises to you

23  as to what your sentence will be?

24          THE DEFENDANT:  No.

25          THE COURT:  I now want to talk with you about

13

### Proceedings

1   the sentencing scheme that's applicable here.

2        The statute that you're accused of violating in

3   Count Two carries a minimum term of imprisonment of five

4   years and a maximum term of imprisonment of 20 years.

5        Do you understand that?

6        THE DEFENDANT:  Yes.

7        THE COURT:  In addition to any prison term, the

8   sentencing court can impose a supervised release term  to

9   follow any term of imprisonment.  The supervised release

10  term could be as long as three years and if you violated

11  a condition of supervised release you could then be sent

12  back to prison for up to an additional two years.

13       If that happened you would not receive credit

14  for time already spent in prison, nor would you receive

15  credit for time previously served on post-release

16  supervision.

17       Do you understand that?

18       THE DEFENDANT:  Yes.

19       THE COURT:  In other words, if you violate a

20  condition of supervised release you could end up spending

21  up to an additional two years in jail regardless of how

22  much time you may have already spent in jail or on

23  supervised release.

24       Do you understand that?

25       THE DEFENDANT:  Yes.

14

**Proceedings**

1        THE COURT:   In addition to any prison term and

2   supervised release term, the sentencing court can also

3   impose a fine of up to $800,000.

4        Do you understand that?

5        THE DEFENDANT:   Yes.

6        THE COURT:   The sentencing court can also

7   require that you make restitution to the victim or

8   victims of your offense and I understand from the plea

9   agreement that the government has estimated restitution

10  to be in the amount of about $400,000.

11       If there is any issue about the amount of

12  restitution it will be up to Judge Trager to resolve that

13  dispute.

14       Do you understand that?

15       THE DEFENDANT:   Yes.

16       THE COURT:   I want to make clear to you that

17  restitution and a fine are separate and apart from one

18  another.   The sentencing court can require both that you

19  pay a fine and that you make restitution.   A fine is a

20  penalty that's paid over to the United States Treasury.

21  In contrast, restitution is an amount that is paid to the

22  victim or victims of a defendant's criminal activities as

23  a remedy for the wrong that the victim suffered.

24       Do you understand that?

25       THE DEFENDANT:   Yes.

15

### Proceedings

1      THE COURT:   In addition to the other

2 consequences that I've already described, the sentencing

3 court will impose a mandatory $100 special assessment.

4      Do you understand that?

5      THE DEFENDANT:   Yes.

6      THE COURT:   I now want to talk with you about

7 the sentencing guidelines.

8      Under the Sentencing Reform Act of 1984, the

9 United States Sentencing Commission has issued guidelines

10 for judges to consider in determining the sentence in a

11 criminal case.

12      Earlier this year the Supreme Court determined

13 that the guidelines are not mandatory, they are advisory.

14 However, the sentencing court is required to consider the

15 guidelines in determining what is a reasonable sentence

16 in the case.

17      Have you and your attorney talked about how the

18 guidelines might apply to your case?

19      THE DEFENDANT:   Yes.

20      THE COURT:   You should understand that the

21 Court will not be able to determine the guideline

22 sentence for your case until after the probation

23 department has prepared a presentence report and you and

24 your attorney have had an opportunity to read it and to

25 challenge the facts reported by the probation officer.

16

## Proceedings

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  You should also understand that

4    after it's been determined what guideline applies to a

5    case the Judge has the authority to impose a sentence

6    that is more severe or less severe than the sentence

7    called for by the guidelines, depending on what is a

8    reasonable sentence in the case.

9          Do you understand that?

10         THE DEFENDANT:  Yes.

11         THE COURT:  I'm now going to ask the attorneys

12   to tell me their calculations under the guidelines.  You

13   should keep in mind that these are simply estimates on

14   their part.

15         It will be up to Judge Trager to do his own

16   calculation under the guidelines and he is not bound by

17   the attorney's calculations even if they happen to be in

18   agreement as to what they think the likely range of

19   imprisonment under the guidelines would be.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:.  Ms. Busa, I take it your

23   calculations is set forth in Paragraph 2 of the

24   agreement?

25         MS. BUSA:  Yes, your Honor.

17

### Proceedings

1    THE COURT:  And you've calculated an adjusted

2  offense level of 24 which carries a range of imprisonment

3  of 51 to 63 months, assuming the defendant falls within

4  criminal history category 1.  However, as you further

5  point out in that paragraph, because the applicable

6  statutory minimum term of imprisonment is five years, the

7  defendant's effective guidelines range will be no less

8  than 60 months; correct?

9    MS. BUSA:  Yes.

10    THE COURT:  Mr. Winograd, have you done your

11  own calculation under the guidelines?

12    MR. WINOGRAD:  Yes, I have, your Honor.

13    THE COURT:  What is the result of your

14  calculation?

15    MR. WINOGRAD:  The calculation is the same

16  exact calculation that the government has come to.

17    We've discussed it together, Mr. Gurin and

18  myself, and the numbers that have just been spoken to by

19  the Court are the numbers that I reached independently of

20  the government and those are the numbers I've discussed

21  with my client.

22    THE COURT:  All right.

23    Mr. Maniscalco, one thing I do want to point

24  out to you.

25    I had indicated earlier that the judge has the

18

### Proceedings

1   discretion to impose a sentence above or below the

2   guideline range depending on what the judge concludes is

3   a reasonable sentence.  However, the judge's discretion

4   is limited by any statutory mandatory minimum sentence

5   which in this case would be 60 months.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Therefore, if Judge Trager comes to

9   the same conclusion after doing the guidelines

10  calculation, the effective range of imprisonment under

11  the guidelines would be 60 to 63 months.

12         Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  I want to point out a particular

15  provision of this agreement.

16         Paragraph 4 provides in substance and in part

17  that you will not file an appeal or otherwise challenge

18  your conviction or sentence in the event the Court

19  imposes a term of imprisonment of 63 months or below.

20         Now, under this agreement you and your lawyer

21  are free to argue that Judge Trager should not sentence

22  you at the high end of the applicable guideline range and

23  your lawyer can argue that the judge should sentence you

24  to no more than the statutory mandatory minimum of 60

25  months.

19

### Proceedings

1    Those arguments are available to you and your

2  attorney before Judge Trager sentences you.  However,

3  once he does impose sentence, as long as he does not send

4  you to prison for more than 63 months, that is the end of

5  the matter.  You've agreed not to file an appeal or

6  otherwise challenge your conviction or sentence as long

7  as the sentence is 63 months or less.

8          Do you understand that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  You should also understand that

11  parole has been abolished and that if you're sentenced to

12  prison you will not be released on parole.

13          Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you have any questions you'd

16  like to ask me about the charge, your rights, or anything

17  else relating to this matter?

18          THE DEFENDANT:  No.

19          THE COURT:  Are you ready to plead?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Mr. Winograd, do you know any

22  reason why the defendant should not plead guilty?

23          MR. WINOGRAD:  Your Honor, I do not.

24          THE COURT:  Are you aware of any viable legal

25  defense to the charge?

20

### Proceedings

1          MR. WINOGRAD:  None whatsoever.

2          THE COURT:  Mr. Maniscalco, what is your plea

3   to Count Two of the indictment?  Guilty or not guilty?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  Are you making this plea of guilty

6   voluntarily and of your own free will?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Has anyone threatened you or forced

9   you to plead guilty?

10          THE DEFENDANT:  No.

11          THE COURT:  Other than the agreement with the

12   government that has been marked Court Exhibit 1, has

13   anyone made any promise that has caused you to plead

14   guilty?

15          THE DEFENDANT:  No.

16          THE COURT:  Has anyone made any promise to you

17   as to what your sentence will be?

18          THE DEFENDANT:  No.

19          THE COURT:  Again, Count Two charges you with

20   arson conspiracy.  Specifically, it alleges that between

21   December 20 and 22 of 2001 you and others knowingly,

22   intentionally and maliciously conspired to damage and

23   destroy My Deli & Grocery on Staten Island by means of

24   fire and an explosive.

25          Did you in fact do that?

21

### Proceedings

1  THE DEFENDANT:  Yes.

2  THE COURT:  Would you tell me in your own words

3  what you did?

4  THE DEFENDANT:  On 12/21/01, I drove others to

5  a grocery store on Rhine Avenue on Staten Island knowing

6  that a fire was going to be set at the deli at that

7  location.

8  THE COURT:  Was that part of an agreement that

9  you had with these other people?

10  THE DEFENDANT:  Yes.

11  THE COURT:  You knew it was wrong to do that?

12  THE DEFENDANT:  Yes.

13  THE COURT:  You said that the location you're

14  referring to is My Deli & Grocery on Staten Island?

15  THE DEFENDANT:  Yes.

16  THE COURT:  Ms. Busa, you want to make a

17  proffer with respect to the interstate element?

18  MS. BUSA:  The interstate element is that My

19  Deli & Grocery is a commercial deli that basically

20  transacts in goods that have traveled in interstate

21  commerce.

22  THE COURT:  All right.

23  I take it that that element is not disputed by

24  the defense?  Is that correct?

25  MR. WINOGRAD:  It is not.

22

## Proceedings

1      THE COURT:  Ms. Busa, is there any further

2  inquiry you'd like me to make of the defendant?

3      MS. BUSA:  No.

4      THE COURT:  All right.

5      Based on the information provided to me, I find

6  that the defendant is acting voluntarily, that he fully

7  understands his rights and the consequences of his plea

8  and that there is a factual basis for the plea.

9      I, therefore, recommend acceptance of the plea

10  of guilty to Count Two of the indictment.

11      Do we have a date for sentence?

12      THE CLERK:  Yes.  August 25 at 12:30.

13      THE COURT:  And that will be before Judge

14  Trager.

15      The probation department will be preparing a

16  presentence report.  I urge you to cooperate with the

17  probation officer.

18      Is there anything else?

19      MR. WINOGRAD:  May I inquire what day of the

20  week August 25 is?

21      THE CLERK:  A Thursday.

22      THE COURT:  All right.

23      Anything further?

24      MR. WINOGRAD:  No, your Honor.

25      MS. BUSA:  No, your Honor.

Transcription Plus II      Rosalie Lombardi

23

**Proceedings**

1          MR. GURIN:  No, your Honor.

2          THE COURT:  Thank you very much.

3                  (Matter concluded)

4                      -oOo-

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

24

## C   E   R   T   I   F   I   C   A   T   E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this __29th__ day of __July__, 2005.

_Rosalie Lombardi_
------------------------
Rosalie Lombardi
Transcription Plus II