PROB 12A
(7/93)

# United States District Court
## for
## Eastern District of New York
### Report on Offender Under Supervision

Name of Offender: **Anthony Maniscalco**  Case Number: **CR-04-1018**

Name of Sentencing Judicial Officer: **Honorable David G. Trager, Senior U.S. District Judge. Transferred to the Honorable Brian M. Cogan on February 1, 2011.**

Date of Original Sentence: **August 30, 2005**

Original Offense: **Conspiracy to Destroy Property by Use of an Explosive, a violation of 18 U.S.C. 844(I) &(n), a class C felony.**

Original Sentence: **60 months custody to be followed by a term of 3 Years Supervised Release. Restitution in the amount of $382,607.25 (to be paid at a rate of 15% the defendant's net disposable income) and a $100.00 Special Assessment.**

Type of Supervision: **Supervised Release**  Date Supervision Commenced: **February 6, 2009**

Assistant U.S. Attorney: **William Gurin, Esq.**  Defense Attorney: **Joel Winograd, Esq.**

## PETITIONING THE COURT

☒  To modify the conditions of supervision as follows:


"For a period of 90 days, the defendant shall be confined to his/her residence, commencing on a date approved by the U.S. Probation Office. The defendant shall be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay."

U.S. Probation Officer Action:

We are writing to advise, that the subject is currently not in compliance with the conditions of his release. Specifically, the subject met with the undersigned officer on August 13, 2010, and failed to reestablish contact until December 23, 2010. During this time the subject's whereabouts could not be established as numerous telephone calls, letters to his reported residence and home contacts failed to establish contact with the subject (giving rise to the fact that Maniscalco was not living there). Eventually, the undersigned was able to locate the subject's mother who was thereafter able to contact her son. It is noteworthy to mention that during this four month period the subject did not provide the Probation Department with monthly supervision reports, as required.

On December 23, 2010, after a brief interview, the subject informed that he was splitting time between his girlfriend's home (whom he has a very tumultuous relationship with), his mother's home and his own residence. The fact that he was staying at his own residence is very unlikely, given the fact that the Probation Department went to great lengths to establish contact with Maniscalco at his reported address for four months.

In addition to the above cited noncompliance Maniscalco has been mostly unemployed, while on supervised release, thus hindering his ability to pay restitution. Currently, the subject has paid a total of $2,385 and has an outstanding restitution balance of $450,742.

Given the fact that Maniscalco has such an unstable residence, and seemingly went unsupervised for four months and has remained mostly unemployed the Probation Department recommends the Court impose the above noted condition. On January 26, 2011, Maniscalco signed the attached Probation Form 49, Waiver of Hearing, agreeing to same. However, we await the court's decision in this matter.

Respectfully submitted:

by _____
Harry R. Collins
U.S. Probation Officer
(347) 534-3519

_____
Joseph Franco
Supervising U.S. Probation Officer
Date: February 1, 2011

---

☒ The Modification as Recommended Above
☐ No Action
☐ Submit a Request for Warrant or Summons
☐ Other

/s/ (BMC)
_____
The Honorable Brian M. Cogan
U.S. District Judge

2/1/11
_____
Date

PROB 49
(NYEP-10/28/05)

# United States District Court

## EASTERN DISTRICT OF NEW YORK

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and the assistance of counsel before any unfavorable change(s) may be made in my conditions of Probation and/or Supervised Release or before my period of supervision can be extended. By assistance of counsel, " I understand that I have the right to be represented at a hearing by counsel of my choosing if I am able to retain counsel. I also understand that I have the right to request that the Court appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel. "

I hereby voluntarily waive my statutory right to a hearing and to the assistance of counsel. I also hereby agree to the following modification (s) of my conditions of Probation and/or Supervised Release or to the proposed extension of my term of supervision:

"For a period of 90 days, the defendant shall be confined to his/her residence, commencing on a date approved by the U.S. Probation Office. The defendant shall be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay."

Witness: _____    Signed: _____
       U.S. Probation Officer              Probationer or Supervised Releasee

                  1/26/11
                  _____
                      Date