PROB 12B
(NYEP-6/15/07)

# United States District Court
## for the
## Eastern District of New York

RECEIVED
HON. Brian M. Cogan
NOV 3 2011

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Anthony Maniscalco**    Case Number: **CR-04-1018**

Name of Sentencing Judicial Officer: **Honorable David G. Trager, Senior U.S. District Judge. Transferred to the Honorable Brian M. Cogan on February 1, 2011.**

Date of Original Sentence: **August 30, 2005**

Original Offense: **Conspiracy to Destroy Property by Use of an Explosive, a violation of 18 U.S.C. 844(I) &(n), a class C felony.**

Original Sentence: **60 months custody to be followed by a term of 3 Years Supervised Release Restitution in the amount of $382,607.25 (to be paid at a rate of 15% the defendant's net disposable income) and a $100.00 Special Assessment. Additionally, on February 1, 2011, a special condition for 90 days location monitoring was mandated by the Court.**

Type of Supervision: **Supervised Release**    Date Supervision Commenced: **February 6, 2009**

Assistant U.S. Attorney: **William Gurin, Esq.**    Defense Attorney: **Joel Winograd, Esq.**

---

## PETITIONING THE COURT

☒    To modify the conditions of supervision as follows:

The defendant shall reside in a residential re-entry center (RRC) for a period of 60 days during which time, the defendant shall not be permitted to leave the facility except for work, religious observance, or other acceptable reasons as determined by the probation department. The defendant shall abide by all the rules and regulations of the RRC, which shall include a subsistence payment to the facility based upon income earned.

### CAUSE

Reference is made to our correspondence dated February 1, 2011, wherein we requested that the subject's conditions be modified to include a 90 day term of location monitoring. This modification was requested to address the offender's failure to report to the undersigned officer on a timely basis and his chronic unemployment.

We are writing to advise, that on May 4, 2011, the offender was removed from the location monitoring program as he failed to adhere to the rules of the unit. Specifically, on the evening of May 3, 2011, an alert was received indicating that the subject was not in his home during his scheduled hours, as required. When confronted with same the offender informed that he had went to an emergency room to comfort his girlfriend, who had recently had an abortion and was having complications from same.

When officers from the location monitoring unit spoke with Maniscalco's girlfriend she advised that she had gone to the emergency room, however, the subject was not there. She advised that the subject had come to her residence after her discharge to comfort her and spent the night. This obfuscation coupled with multiple instances of non-compliance in adhering with his schedule resulted in Maniscalco being removed from the location monitoring unit as a program failure.

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob 12B / Page 2

Since his discharge the offender had remained largely unemployed and was accruing large debts associated with necessary needs such as rent, electricity and heat. The subject's job search resulted in the offender securing employment with Central Disposal as a helper on a garbage truck. Thereafter, on or about October 7, 2011, the offender secured more promising employment with Action Environmental Services as a garbage truck driver which pays $18 per hour and has the potential for union benefits. Furthermore, during an interview on October 13, 2011, Maniscalco advised the undersigned officer that he was undomiciled and staying with friends, family and sometimes in his car. Maniscalco evidently lost his apartment due to the overwhelming debt that he had incurred during his struggle finding employment and had lost his apartment. The subject informed that he did not advise the undersigned officer of his difficulties with his residence because he was embarrassed to report same.

Given the offender's financial situation he has only remitted a total of $2,385 towards his restitution and has an outstanding balance of $450,742. However, we believe that the aforementioned factors mitigate this fact and once the subject's situation stabilizes he will commence making payments forthwith.

Given the fact that Maniscalco is currently undomiciled and failed to comply with the terms of his location monitoring unit the Probation Department recommends the Court impose the above noted condition and that the condition for location monitoring be removed. This condition will not only serve to address Maniscalco's past indiscretions, but also to provide him with a stabilized residence, while his situation becomes financially stable. On October 13, 2011, Maniscalco signed the attached Probation Form 49, Waiver of Hearing, agreeing to same. However, we await the Court's decision in this matter.

Respectfully submitted by,

Harry Collins
U.S. Probation Officer
(347) 534-3519

Approved by,

Kathleen M Dunn

Kathleen Dunn
Supervising U.S. Probation Officer
Date: October 31, 2011

THE COURT ORDERS:

☒ The Modification of Conditions as Noted Above

☐ Other

s/ BMC

Signature of Judicial Officer

11/3/11
Date

PROB 49
(3/89)

# United States District Court

__Eastern__ District __of New York__

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall reside in a residential re-entry center (RRC) for a period of 60 days during which time, the defendant shall not be permitted to leave the facility except for work, religious observance, or other acceptable reasons as determined by the probation department. The defendant shall abide by all the rules and regulations of the RRC, which shall include a subsistence payment to the facility based upon income earned.**

Witness _____  Signed _____
U.S. Probation Officer                     Probationer or Supervised Releasee

_10/13/11_
Date